UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREGORY D. COSMO COSBY,** | : |
| **Petitioner** | : |
| | :    **CIVIL ACTION NO. 3:14-1804** |
| **v.** | : |
| | :    **(Judge Mannion)** |
| **DAVID EBBERT, Warden** | : |
| **Respondent** | : |

**MEMORANDUM**

I. **Background**

Petitioner, Gregory Cosby, an inmate currently confined in the United States Penitentiary ("USP-Lewisburg"), Lewisburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He challenges his continued placement in the Special Management Unit ("SMU") at USP-Lewisburg, as well as the Bureau of Prisons ("BOP") Program Statement 5217.01 governing SMU placement. Id. Specifically, Petitioner challenges the fact that his designation to the SMU has been extended until January 31, 2015. Id. As relief, he seeks to be re-classified or transferred out of the SMU to another facility. Id. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

**II.     Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa.1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288

F.3d 532, 540 (3d Cir. 2002).

Moreover, in Levi v. Ebbert, 353 Fed. Appx. 681, 682 (3d Cir. 2009), the United States Court of Appeals for the Third Circuit concisely stated that claims concerning the determination of a federal prisoner's custody level "do not lie at the 'core of habeas' and, therefore are not cognizable in a §2241 petition." The Court of Appeals observed that habeas corpus review should not be undertaken because the custody classification claims asserted did not challenge the fact or length of the prisoner's confinement. See id. Levi also correctly noted that prisoners simply "have no constitutional right to a particular classification." Id. See also Schwarz v. Meinberg, 2011 WL 2470122 *2 (C.D. Ca. May 31, 2011) (custody classification claims by federal inmate not cognizable on habeas review).

In the instant case, Petitioner's challenges to his continued placement in the SMU are not challenges to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. He does not seek release from prison, nor does he seek to be released sooner from prison. Rather, Petitioner complains that his extension in the SMU until January 31, 2015, is not in accordance with BOP policy. This placement, however, does not affect the length of his

sentence. Significantly, Petitioner does not seek relief that would shorten the length of his current sentence and incarceration in prison. Nor does he seek release from prison by attacking the legality of his judgment or conviction. Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. §2241, but rather must be pursued through the filing of a Bivens[1] action. See Bedenfield v. Lewisburg, No. 10–1750, 2010 WL 3511507, at *1 (3d Cir. Sept.9, 2010) ("Bedenfield's challenge to his placement in the SMU is analogous to the 'garden variety prison transfer' that we have indicated should be challenged in a civil rights action, not via a habeas petition"); Green v. Bledsoe, 2010 WL 1372409, at *2 (M.D. Pa. April 5, 2010)(dismissing petitioner's §2241 habeas petition challenging SMU placement as not cognizable under §2241); Woodruff v. Williamson, Civ. No. 3:06–CV–2310, 2009 WL 703200, at *5 (M.D. Pa. Mar.12, 2009) (same). Accordingly, the claims in the instant petition are not appropriate under a §2241 petition and will be dismissed.

III.    **Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, –––U.S. ––––, ––––, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay v. Ebbert, 502 Fed.Appx. 131, 133 (3d Cir. 2012). Thus, the Court need not address this issue in the current action.

**IV.    Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 15, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1804-01.wpd